**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYLE HALL,** | **CIVIL ACTION** |
| Plaintiff, | |
| | **NO. 2:19-cv-05256-KSM** |
| *v.* | |
| **THE UNITED STATES OF AMERICA,** | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                              **June 17, 2020**

Plaintiff Kyle Hall brings a single count of negligence/professional negligence against

Defendant United States of America (the "Government") pursuant to the Federal Tort Claims

Act.[1] Presently before the Court is the Government's Motion to Dismiss Hall's Complaint

pursuant to Fed. R. Civ. Pro. 12(b)(6). For the reasons discussed below, the Court will grant the

Government's motion and will dismiss Hall's claim with prejudice.

I.

Taking the facts in the complaint as true, in August 2016, Hall suffered significant

injuries in a car accident caused by William Mullins. (Doc. No. 1 at ¶¶ 7–10.) Mullins was under

the influence of alcohol and had a blood alcohol level of .297%. (*Id.* at ¶¶ 7, 22.) At the time of

---

[1] For purposes of this opinion, the Court considers the actions and inactions of the Government's agents and employees, including the medical personnel at the Veterans Administration Medical Center at Coatesville, as attributable to the Government. *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

the accident, Mullins was receiving outpatient medical treatment at the Government's Veterans

Affairs Medical Center in Coatesville, Pennsylvania (the "VA Center"). (*Id.* at ¶ 7.)

Mullins' time at the VA Center began around July 2015, when Mullins, while

intoxicated, drove his car onto a lawn at the VA Center's campus. (*Id.* at ¶ 11.) Several months

later, the VA Center and/or related facilities documented that Mullins had a history of alcohol

abuse and suffered from alcohol use disorder. (*Id.* at ¶ 12.) Mullins was treated for his alcohol

abuse. (*Id.* at ¶ 13.) In the ensuing months—from around October 2015 to July 2016—the VA

Center's staff were aware that Mullins regularly consumed large amounts of alcohol and suffered

from a variety of mental and physical ailments, including shakes, tremors, nausea, ataxia,

hallucinations, and blackouts. (*Id.* at ¶¶ 14–19, 21.) The VA Center's staff was also aware that

Mullins continued to drive, though he drove with difficulty due to his ailments. (*Id.* at ¶ 20.)

Because his ailments affected his ability to drive, the Government was required to report

Mullins to the Pennsylvania Department of Transportation ("PennDOT"). (*Id.* at ¶¶ 25–28.)

However, none of the members of the VA Center's staff reported Mullins to PennDOT. (*Id.* at ¶¶

23, 29.) It was only after Mullins' head-on collision with Hall in August 2016 that Mullins was

asked to surrender his driver's license. (*Id.* at ¶ 23.)

After the accident, Hall filed his complaint against the Government pursuant to the

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, *et seq.*, bringing a single count

of negligence/professional negligence.[2] (*Id.* at ¶¶ 4–6, 24–31.) The Government filed this motion

(Doc. No. 9) and brief (Doc. No. 9-2) contending that Hall's single count of

---

[2] The complaint was originally filed by Hall and his wife, Karen Hall, against the Government, the U.S. Department of Veterans Affairs, and the Veterans Administration Medical Center at Coatesville. (Doc. No. 1.) The complaint included a demand for a jury trial and an award of punitive damages. (*Id.*) Later, pursuant to this Court's order approving the parties' joint stipulation, Karen Hall's claim was dismissed with prejudice, the U.S. Department of Veterans Affairs and the Veterans Administration Medical Center at Coatesville were dismissed with prejudice as defendants, and the demand for a jury trial and award of punitive damages were stricken. (Doc. No. 17.)

negligence/professional negligence should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Hall then filed his response in opposition to the Government's motion. (Doc. No. 11).

## II.

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, "courts accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While the court must accept well-pled factual allegations in the complaint as true, the court may disregard any legal conclusions. *Id.* at 210–11 ("[W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." (internal quotations and citations omitted)); *see also Iqbal*, 556 U.S. at 678.

## III.

The Government moves to dismiss Hall's count of negligence/professional negligence[3]

---

[3] As relevant to this decision, the elements for a claim of negligence and a claim of professional negligence are the same. *See, e.g.*, *Thierfelder v. Wolfert*, 52 A.3d 1251, 1264 (Pa. 2012). Thus, while the Court refers to Hall's negligence claim throughout this memorandum, the analysis applies equally to the professional negligence claim, to the extent one exists.

on the ground that the Government did not owe Hall a duty of care. (Doc. No. 9-2 at 7.)

A negligence claim requires the plaintiff to establish four elements: 1) the defendant owed the plaintiff a duty; 2) the defendant breached that duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm. *Adams v. Wells Fargo Bank, N.A.*, No. 16-0907, 2017 WL 6619015, at *2 (E.D. Pa. Dec. 27, 2017) (citing *Freed v. Geisinger Med. Ctr.*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006)). Of these four elements, the foundation of a negligence claim is that the defendant owes a duty to the plaintiff. *See, e.g.*, *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005) ("The initial element in any negligence cause of action is the first: that the defendant owes a duty of care to the plaintiff.").

To satisfy the duty element, the defendant must owe a duty to the specific plaintiff bringing the case. *Campo v. St. Luke's Hosp.*, 755 A.2d 20, 24 (Pa. Super. Ct. 2000) ("When considering the question of duty, it is necessary to determine whether a defendant is under any obligation for the benefit *of the particular plaintiff* . . . and, unless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence." (internal quotations omitted) (emphasis added)). Generally, a duty exists only if the injury to the plaintiff was foreseeable. *See, e.g.*, *Commerce Bank/Penn. v. First Union Nat'l Bank*, 911 A.2d 133, 139 (Pa. Super. Ct. 2006) ("[D]uty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others . . . . Generally, our Courts have been reluctant to impose a duty to protect a member of the general public from the harmful acts of third parties, in the absence of special circumstances." (internal citations and quotations omitted)). If the defendant does not owe a duty to the specific plaintiff, the negligence claim automatically fails. *See, e.g.*, *Adams*, 2017 WL 6619015, at *2 ("Without a duty, negligence cannot form the basis of a claim."); *Manzek*, 888 A.2d at 746 (describing duty as the

"initial element in any negligence cause of action").

Duty is a legal question, rather than a factual one. *Manzek*, 888 A.2d at 746 ("The existence of a duty is a question of law for the court to decide."). As such, while the Court must accept all factual allegations in Hall's complaint as true, the Court need not accept any conclusions in the complaint regarding the purported duty the Government owed to Hall. *See, e.g.*, *Fowler*, 578 F.3d at 210–11.

In his complaint, Hall alleges that the Government breached its duty of care to Hall and is liable for negligence because it did not report Mullins to PennDOT as required by statute. (Doc. No. 1 at ¶¶ 25–31.) The Pennsylvania Motor Vehicle Code, 75 Pa. C.S. § 1518 ("§ 1518") requires medical professionals to report a patient to PennDOT if the patient is diagnosed with certain medical disorders.[4] Hall alleges that Mullins had medical disorders that triggered the reporting requirement and thus, pursuant to § 1518, the Government had the duty to report Mullins to PennDOT. (Doc. No. 1 at ¶¶ 25–30.)  Hall argues that the facts of his case "are so egregious that it would be an injustice to dismiss Mr. Hall's claims." (Doc. No. 11 at 7.)

The Court agrees that the facts of this case are egregious and that Hall's injuries are tragic. The Government's failure to report Mullins' condition to PennDOT should not be condoned. However, the Court is constrained as we cannot create grounds for liability where none exist. Pennsylvania courts have addressed whether a physician owes a duty to a third party, or can be held liable for injuries to a third party caused by a patient. *See, e.g.*, *Estate of Witthoeft v. Kiskaddon*, 733 A.2d 623 (Pa. 1999); *Hospodar v. Schick*, 885 A.2d 986 (Pa. Super. Ct. 2005);

---

[4] Section 1518(b) provides: "All physicians, podiatrists, chiropractors, physician assistants, certified registered nurse practitioners and other persons authorized to diagnose or treat disorders and disabilities defined by the Medical Advisory Board shall report to the department, in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specified disorder or disability within ten days." The medical conditions that trigger a medical professional's duty to report a patient to PennDOT pursuant to § 1518 are enumerated at 67 Pa. Code § 83.5. *See also* 67 Pa. Code § 83.6.

*Crosby by Crosby v. Sultz*, 592 A.2d 1337 (Pa. Super. Ct. 1991). Specifically, the Pennsylvania Supreme Court has declined to find physicians liable in circumstances similar to this case.

In *Witthoeft*, the Pennsylvania Supreme Court held that a physician was not liable "to a third party where the [physician] failed to inform his patient or [PennDOT] of the patient's poor visual acuity, and subsequently, the patient injured the third party while driving her automobile." 733 A.2d at 624–25, 630. The *Witthoeft* court concluded that § 1518, and the Motor Vehicle Code in general, did not expressly create a private cause of action that would grant private relief to an injured third-party. *Id.* at 626. The *Witthoeft* court also concluded that the statute did not create an implied private cause of action.[5] *Id.* at 626–27. In finding that the statute did not create a private cause of action, the Pennsylvania Supreme Court opined, "In this Commonwealth, never before has liability been imposed on a physician for damages suffered by a member of the general public as a result of a motor vehicle accident caused by a patient." *Id.* at 627. The *Witthoeft* court concluded that the third-party victim was "not a foreseeable victim that this court will recognize" because to "allow liability in this case would be to make physicians absolutely liable for the various acts of their patients." *Id.* at 630; *see also id.* at 630, n.7 ("Assuming a factual basis existed to compel notification to PennDOT under [§ 1518], [the physician's] failure to report [his patient's condition] to PennDOT is not to be condoned. However, it is for the General Assembly to determine the appropriate penalty for noncompliance, not for this court to render the physician liable for injuries sustained in an automobile accident caused by his

---

[5] The *Witthoeft* court concluded there was no implied cause of action because (i) in drafting the Motor Vehicle Code, the Pennsylvania legislature did not intend for physicians to be liable in this context and finding otherwise would create a "drastic change in law;" (ii) the purpose of the reporting requirement of § 1518 was to relieve PennDOT "of an administrative burden," and to expand the statute to create a private cause of action is a task for the legislature rather than the judiciary; and (iii) the Motor Vehicle Code is meant to benefit the general public rather than any specific individual and thus, the court was wary of granting a private cause of action to the "public at large." *Witthoeft*, 733 A.2d at 626–27.

patient.").[6]

Similarly, in *Crosby*, the Pennsylvania Superior Court held that § 1518 does not create a duty of care that a physician owes to third-party victims who were injured by the physician's patient. 592 A.2d at 1345, 1347. In *Crosby*, the plaintiffs were injured when one of the defendant-physician's patients, while driving, lost consciousness due to a medical condition and crashed into the plaintiffs. *Id.* at 1338–39. While acknowledging that the physician may have had a duty to report the patient to PennDOT under § 1518, the court opined that a duty to report to PennDOT was vastly different than a duty owed to members of the general public:

> [I]t is not the physicians' job to protect all third parties who might come into contact with the affected individual. Clearly, the provisions implicated here [§ 1518] do not mention a duty to report the patient's medical deficiency to any specified third party. Rather, the physicians' only responsibility is to evaluate . . . the patient's ability to operate a motor vehicle and to notify *the Department of Transportation* if the patient is unable to drive in a safe manner. **Reporting the patient to the proper authorities when necessary is very different from imposing upon a treating physician the duty of protecting the entire public from any harm that might result from his/her patient's actions**.

*Id.* at 1343–44 (italics in original; bold added). The *Crosby* court continued, "Even if [the physician] did have a duty to disclose [the patient's] name to the Department of Transportation, we can find no logical connection between that obligation and a duty of care to the [third-party victims]. The [third-party victims] were not foreseeable victims of [the physician's] actions or inactions." *Id.* at 1345. As such, the physician was not liable, and the complaint was dismissed. *Id.* at 1347; *see also Hospodar*, 885 A.2d at 989–90 (holding that non-compliance with § 1518 does not result in a physician being liable for a third party's injuries because the Motor Vehicle Code does not authorize a private cause of action based upon a physician's failure to report a

---

[6] In his opposition brief, Hall argues that § 1518 is "silent as to whether a civil action may be brought against a party for <u>failure</u> to report as required." (Doc. No. 11 at 7.) Yet as discussed above, in *Witthoeft*, the Pennsylvania Supreme Court addressed and decided this issue. Accordingly, Hall's argument is unavailing.

driver's condition to PennDOT).

Here, Hall's claim is not materially different from the plaintiffs in *Witthoeft*, *Crosby*, and *Hospodar*, and his arguments to the contrary are unavailing. Hall alleges that the Government (via the medical professionals at the Government's VA Center) was required to report Mullins to PennDOT under § 1518, and by failing to do so, the Government breached its duty to Hall. In his opposition brief, Hall asserts that "the facts of the *Estate of Witthoeft* are critically distinguishable from the present matter. Here, the facts are so egregious that it would be an injustice to dismiss Mr. Hall's claims." (Doc. No. 11 at 7.) Hall fails, however, to provide any explanation as to how the facts of *Witthoeft* are "critically distinguishable." Instead, Hall merely repeats the facts section of his brief, which is an uncited regurgitation of his complaint. (Doc. No. 11 at 2–4, 7–9). Additionally, in arguing that a duty of care exists in this case, Hall cites only to the *dissenting* opinion in *Witthoeft*. (Doc. No. 11 at 5–10.) This dissent was rejected by the *Witthoeft* majority which found that the Motor Vehicle Code, including § 1518, does not create a private cause of action or otherwise establish private relief. *See Witthoeft*, 733 A.2d at 624–25, 630.

Hall's argument that a duty of care should exist under the facts of this case has been repeatedly rejected by Pennsylvania courts. Ultimately, Hall was simply not a foreseeable victim. To find otherwise would mean that *anyone* in the general public who was injured by Mullins— or, for that matter, by any individual who the Government arguably should have reported to PennDOT but did not—was a foreseeable victim. When the purported duty of care extends this broadly, Pennsylvania courts have repeatedly declined to extend the reach of duty and liability to cover plaintiffs like Hall. *See, e.g.*, *Witthoeft*, 733 A.2d at 630 ("We will not stretch foreseeability beyond the point of recognition for to do so will be to make liability endless. To

allow liability in this case would be to make physicians absolutely liable for the various acts of their patients. This we will not countenance."); *Crosby*, 592 A.2d at 1345 ("To discount the important element of foreseeability here is effectively to overrule well-established and precedential tort law, as well as to extend liability limitlessly to treating physicians vis-a-vis third party victims."); *see also Leidy v. Borough of Glenolden*, 277 F. Supp. 2d 547, 569 (E.D. Pa. 2003) ("The lynchpin of [*Witthoeft* and *Crosby*] was that a defendant does not ordinarily owe a duty to a plaintiff who is no more a foreseeable victim than the public at large.").

Hall's complaint does not show that Hall was a foreseeable victim of the Government's actions or inactions. Rather, Hall was simply a member of the public at large. This is insufficient to find the requisite duty of care. *See, e.g.*, *Leidy*, 277 F. Supp. 2d at 569 ("[A] defendant does not ordinarily owe a duty to a plaintiff who is no more a foreseeable victim than the public at large."). Moreover, because Hall does not plead any facts indicating that he was known to the Government at the time of his accident with Mullins, dismissal is further warranted. *See, e.g.*, *Manzek*, 888 A.2d at 747 ("[D]uty is predicated on the relationship that exists between the parties at the relevant time."); *accord Commerce Bank/Penn.*, 911 A.2d at 139 ("Because the parties were essentially strangers to each other at the relevant time, this factor does not support a finding of a duty."). Without showing that the Government owes Hall a duty of care, Hall's negligence claim cannot survive.[7] The Court will thus grant the Government's motion to dismiss.[8]

---

[7] Because it is fatal to a negligence claim if the defendant did not owe a duty to the plaintiff, the Court only addresses whether Hall's complaint sufficiently pleads that the Government owed a duty of care to Hall.

[8] Because the Government did not owe Hall a duty of care, Hall's complaint suffers from a legal deficiency, rather than a factual deficiency, so an amendment to Hall's sole negligence claim would be futile. *See, e.g.*, *Neave v. Hershey Co.*, NO. 1:19-CV-776, 2019 WL 2577304, at *1 (M.D. Pa. June 24, 2019) (opining that "leave to amend would be futile and cause undue delay because [the plaintiff's] complaint is legally rather than factually deficient and thus incurable"). Accordingly, we dismiss Hall's negligence/professional negligence claim with prejudice.

IV.

For the reasons discussed above, the Government did not owe Hall a duty of care. As a result, the Court dismisses Hall's single negligence/professional negligence claim with prejudice. An appropriate order follows.